1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CML-NV RAINBOW SQUARE, LLC,

        Plaintiff,

v.

LAEDWEN LLC, et al.,

        Defendants.

2:11-CV-229 JCM (CWH)

**ORDER**

Presently before the court is plaintiff CML-NV Rainbow Square, LLC's motion for default judgment. (Doc. #15). On May 12, 2011, the clerk entered default as to Laedwen, LLC. (Doc. #12).

Plaintiff seeks default judgment against defendant Laedwen, LLC in the amount of $5,510,312.27 and interest accruing from the date of entry of the default judgment. This amount includes actual damages, attorney's fees, and costs. (Doc. #15).

However, before analyzing the motion for default judgment, the court first must determine whether it has subject-matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, and "[t]hey possess only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Federal courts are "presumed to lack jurisdiction . . . unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, the party asserting diversity jurisdiction bears the burden of proof. *Lew v. Moss*, 797 F.2d 747, 750 (9th

James C. Mahan
U.S. District Judge

Cir. 1986).  Pursuant to Federal Rule of Civil Procedure 12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff asserts that this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a limited liability company wholly owned by Multibank 2009-1 RES-ADC Venture, LLC ("Multibank").  (Doc. #15).  The Federal Deposit Insurance Corporation (the "FDIC") owns a majority share of Multibank.  (Docs. #1 and #15).

The motion for default recognizes that this court has dismissed several other similar cases for lack of subject-matter jurisdiction due to the involvement of the FDIC.  (Doc. #15, citing *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL; *RES-NV APC, LLC v. Astoria Pearl Creel, LLC, et. al.*, 2:11-cv-00381-LDG-RJJ).  These cases present similar fact patterns and similar parties to the case currently before the court.  In both of those cases, the court held that it lacked subject-matter jurisdiction because the FDIC's status as a federally chartered bank destroys diversity citizenship.

Plaintiff points out that reconsideration motions have been filed in each of the above-referenced cases, and states that it believes that "after reviewing the motions in the parallel cases, the [c]ourt will determine that it does in fact have subject matter jurisdiction over those actions, and has subject matter jurisdiction in this case, as well." (Doc. #15).  On December 30, 2011, this court ruled on the reconsideration motion in *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL.  The court held that "it is apparent that the FDIC is a member of Multibank; thus diversity jurisdiction is destroyed." *Id.* at doc. #79.  Accordingly, this court was not convinced by the reconsideration arguments.

Similar to the court's finding in *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL, the court finds that it lacks subject-matter jurisdiction in the case at bar.  The involvement of the FDIC precludes the court from exercising diversity jurisdiction.

As this court stated in its reconsideration order in *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL, "this court is guided by current precedent and applies the law as it interprets it.  Overturning precedent and setting policy falls within the sound discretion of the Ninth

James C. Mahan
U.S. District Judge

- 2 -

1    Circuit." *Id.* at Doc. #79.

2              Accordingly,

3              IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case of *CML-NV*

4    *Rainbow Square, LLC v. Marretti, et. al.*, 2:11-cv-00229-JCM-CWH be, and the same hereby is,

5    DISMISSED for lack of subject-matter jurisdiction.

6              DATED January 30, 2012.

7

8                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28